Eric KNIGHT *v.* STATE of Arkansas

CACR 94-1385                                908 S.W.2d 664

Court of Appeals of Arkansas
Division I
Opinion delivered November 8, 1995

William R. Simpson, Jr., Public Defender, by: *Llewellyn J. Marczuk*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., and *Savannah Dyer*, Law Student Admitted to Practice Pursuant to Rule XV(E)(1)(b) of the Rules Governing Admission to the Bar of the Arkansas Supreme Court, for appellee.

GEORGE K. CRACRAFT, Special Judge. The appellant was convicted in a bench trial of being a minor in possession of a handgun on school property in violation of Ark. Code Ann. § 5-73-119 (Repl. 1993). He was sentenced to three years in the Arkansas Department of Correction with credit for one day jail time. On appeal, he argues that the evidence is insufficient to support his conviction. We agree and reverse.

In reviewing the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the State and affirm if the verdict is supported by substantial evidence. *Bailey v. State*, 307 Ark. 448, 821 S.W.2d 28 (1991). Substantial evidence is evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resort to speculation or conjecture. *Kendrick v. State*, 37 Ark. App. 95, 823 S.W.2d 931 (1992). Circumstantial evidence may constitute substantial evidence; however, in order to be sufficient to sustain a conviction, the circumstantial evidence must exclude every other reasonable hypothesis consistent with innocence. *Sheridan v. State*, 313 Ark. 23, 852 S.W.2d 772 (1993). This becomes a question for the fact finder to determine. *Id.*

At trial, Betty Rodden testified that she was a teacher and a coach at Sylvan Hills Junior High on December 4, 1992. On that day, she was in her seventh period study hall when Ms. Clark, the school principal, asked for the appellant. The appellant then left the classroom with Ms. Clark. Ms. Rodden testified that she subsequently saw the appellant return to the study hall. She further testified that as she was talking to another student, she observed the appellant at the front of the room standing beside a student by the name of B.J. Blake. They were standing next to

each other and there was a black book bag on a table beside them. They separated and the appellant started toward the door as she was about to speak to them. She testified that as the appellant was leaving the room, another student said something to him and he responded something about a nine millimeter and "nothing on me." Ms. Rodden informed Ms. Clark of the conversation she overheard. She also told Ms. Clark that she witnessed the appellant and B.J. Blake making a "big deal" about the book bag as though they were putting something in it or taking something out of it.

Ms. Clark, the principal for Sylvan Hills Junior High, testified that she had gone to study hall to escort the appellant to the school bus as a preventative measure because there had been some problems at school that day. They left the study hall together. The appellant subsequently told her that he had forgotten his books and asked if he could go get them. However, he did not return from study hall with any books or a book bag. Ms. Clark further testified that after speaking with Ms. Rodden, she retrieved the book bag from the study hall and opened it in her office with the appellant present. At that time, she observed a handgun in the book bag and contacted a police officer.

The appellant contends that the State failed to prove that he was in possession of the weapon. A showing of constructive possession, which is the control or right to control the contraband, is sufficient to prove a defendant is in possession of a firearm. *See Banks* v. *State*, 315 Ark. 666, 869 S.W.2d 700 (1994). Constructive possession can be implied where the contraband was found in a place immediately and exclusively accessible to the accused and subject to his control. *Crossley* v. *State*, 304 Ark. 378, 802 S.W.2d 459 (1991); *Sinks* v. *State*, 44 Ark. App. 1, 864 S.W.2d 879 (1993). Constructive possession may be established by circumstantial evidence, but when such evidence alone is relied on for conviction, it must indicate guilt and exclude every other reasonable hypothesis. *Hodge* v. *State*, 303 Ark. 375, 797 S.W.2d 432 (1990). In *Ravellette* v. *State*, 264 Ark. 344, 571 S.W.2d 433 (1978), our Supreme Court stated:

> No one should be deprived of his liberty or property on mere suspicion or conjecture. Where inferences are relied upon, they should point to guilt so clearly that any other

conclusion would be insufficient. This is regardless of how suspicious the circumstances are.

264 Ark. at 347, 571 S.W.2d at 435.

Here, the appellant did not have exclusive access to the book bag nor did he exercise any control over it. Neither Ms. Clark nor Ms. Rodden saw the appellant in possession of the book bag. The bag was not found on his person or with his personal effects. The appellant was out of his usual place in the classroom when he was standing next to B.J. Blake and the table on which the bag was placed. In fact, the appellant left the study hall twice while the black book bag remained in the classroom full of other students. In *Hodge v. State, supra,* our Supreme Court stated that where narcotics are found in an area entirely outside the control of the defendant and exposed to the public at large, the State must provide definite factors linking the defendant to the contraband. In the case at bar, the evidence fails to link the appellant to constructive possession of the handgun. Therefore, we find the evidence insufficient to support the appellant's conviction.

The appellant also argues that the evidence is insufficient because the State failed to show that the weapon met the definition of a handgun as defined in Ark. Code Ann. § 5-73-119(b) (Repl. 1993). However, given the disposition of the first issue, we do not address this argument.

Reversed and dismissed.

JENNINGS, C.J., and ROGERS, J., agree.