Windle Ray ARGO *v.* STATE of Arkansas

CA CR 94-1346                                          920 S.W.2d 18

Court of Appeals of Arkansas
Division I
Opinion delivered April 17, 1996

*Eugene B. Hale*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly K. Hill*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted by a jury of being a felon in possession of a firearm. He was sentenced to six years in the Arkansas Department of Correction and fined $8,000. On appeal, he argues that the evidence is insufficient to support his conviction. We agree and reverse and dismiss.

█ In reviewing the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the State and affirm if the verdict is supported by substantial evidence. *Bailey* v. *State*, 307 Ark. 448, 821 S.W.2d 28 (1991). Substantial evidence is evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resort to speculation or conjecture. *Kendrick* v. *State*, 37 Ark. App. 95, 823 S.W.2d 931 (1992).

Dennis James Washington, a detective with the Hope Police Department, testified that on August 14, 1993, he and Officer Jeffrey Neel encountered the appellant and his three brothers standing outside a housing complex. He testified that the appellant was standing on the sidewalk in front of a blue vehicle. The appellant was holding an ax handle which he surrendered peacefully to the officer. Detective Washington testified that the appellant's brother, Robert Argo, was standing near the vehicle holding a machete. He stated that Robert subsequently threw the machete in the back floorboard of the vehicle and sat down in the back seat on the passenger side. Detective Washington asked Robert to exit the vehicle and then retrieved the machete. Detective Washington also retrieved two billy clubs from the vehicle and observed a .16 gauge shotgun in the middle of the front seat. He retrieved the shotgun and discovered that it was loaded.

Detective Washington testified that no one was inside the vehicle when he retrieved the items. He testified that the appellant and his brothers were standing around outside of the vehicle, and that no one admitted to owning the shotgun and that the vehicle belonged to the wife of one of the brothers. He further testified that

the doors to the vehicle were not locked, that one door was open, that a window was down, and that all four individuals had access to the vehicle. He also testified that he did not see the appellant in actual possession of the shotgun. Detective Washington determined that all four brothers had felony records and arrested all of them as felons in possession of a firearm. Officer Neel's testimony was substantially the same as Detective Washington's testimony.

■ The appellant argues that the State failed to prove that he possessed the firearm. A showing of constructive possession, which is the control or right to control the contraband, is sufficient to prove a defendant is in possession of a firearm. *Banks v. State*, 315 Ark. 666, 869 S.W.2d 700 (1994). Constructive possession can be implied where the contraband was found in a place immediately and exclusively accessible to the accused and subject to his control. *Crossley v. State*, 304 Ark. 378, 802 S.W.2d 459 (1991); *Sinks v. State*, 44 Ark. App. 1, 864 S.W.2d 879 (1993). Constructive possession may be established by circumstantial evidence, but when such evidence alone is relied on for conviction, it must indicate guilt and exclude every other reasonable hypothesis. *Hodge v. State*, 303 Ark. 375, 797 S.W.2d 432 (1990).

■ Here, the appellant was not occupying the vehicle where the gun was found, he did not have exclusive access to the gun nor did he exercise any control over it, the gun was not found on his person or with his personal effects, and he did not own the vehicle in question or exercise control over it. Thus, we find that the evidence is insufficient to show that the appellant constructively possessed the shotgun. *See Kastl v. State*, 303 Ark. 358, 796 S.W.2d 848 (1990). Therefore, we reverse the appellant's conviction.

Reversed and dismissed.

ROBBINS and STROUD, JJ., agree.