Randy CARRUTHERS *v.* STATE of Arkansas

CA CR 97-216                                    956 S.W.2d 201

Court of Appeals of Arkansas
Division II
Opinion delivered December 10, 1997

*W. Ray Nickle*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this criminal case pled guilty to possession of a controlled substance and was sentenced to ten years' probation. During the probationary period, the State filed a petition for revocation alleging that appellant violated the conditions of his probation by possessing cocaine with the intent to deliver and by possessing drug paraphernalia. After a hearing, the trial court revoked appellant's probation and sentenced him to five years' imprisonment followed by five years' suspended imposition of sentence. From that decision, comes this appeal.

For reversal, appellant contends that the trial judge erred in finding that he violated the conditions of his probation. We agree, and we reverse.

In order to revoke probation, the trial court must find by a preponderance of the evidence that the defendant failed to comply with the conditions of his probation; this decision will not be reversed on appeal unless it is clearly against the preponderance of the evidence. *Alford v. State*, 33 Ark. App. 179, 804 S.W.2d 370 (1991).

Chief of Police Ralph Hill testified that, on the day in question, he was conducting an undercover anti-drug operation at an establishment called Fat Daddy's. In connection with the undercover operation, teams of police officers were stationed nearby to assist in making arrests. One of the officers, Sergeant Griggs, reported that he saw three individuals running. These individuals were running when first seen by the police officers and were not suspected of doing anything illegal before that time. Furthermore, according to Chief Hill, there was nothing happening in connection with the anti-drug operation that would cause people to run and flee, and the individuals were not running away from Fat Daddy's, but were instead running from the front of appellant's house in a northeasterly direction along an old railroad bed. Nevertheless, these individuals were pursued, and by the time Chief Hill arrived on the scene two of them had been apprehended by Sergeant Griggs. When asked why they were running, they answered that they were "just running" and were released. Chief Hill searched for the third individual and saw appellant behind a

house near the old railroad bed. Appellant fled westward down an adjacent alley and was apprehended. A search of his person revealed that he was in possession of two pagers and approximately $1,000.00 in currency. Officers subsequently searched the alley and found a set of electronic scales, a bag of marijuana, and a bag of crack cocaine. These items were not found where appellant had been first observed or along the path of his westward flight. Instead, they were found in the opposite direction, near some trash cans approximately forty-five feet east of his initial location.

■ ■ Appellant contends that the evidence is insufficient to prove that he violated the conditions of his probation by possessing the contraband. We agree. It is undisputed that no one saw appellant in possession of the contraband. The State's case therefore depends upon constructive possession, *i.e.*, the control or right to control contraband, which may be implied where the contraband is found in a place immediately and exclusively accessible to the accused and subject to his control. *Argo v. State*, 53 Ark. App. 103, 920 S.W.2d 18 (1996). In the case at bar, however, there is no evidence that appellant was seen at the location where the contraband was found, that appellant was seen throwing anything, or that the contraband was found along the chase route. *See Hodge v. State*, 303 Ark. 375, 797 S.W.2d 432 (1990). Furthermore, fingerprint tests were conducted on the bags and no fingerprints matching appellant's were found. *See id.* Although we note that, unlike the appellant in *Argo, supra*, appellant in the case at bar was found with pagers and a large sum of money, we think that these facts are more relevant to an intent to deliver drugs than to one's possession of particular contraband. Because the State failed to show that appellant had the immediate and exclusive access to the contraband necessary to support a finding of constructive possession, we must reverse. *See, Knight v. State*, 51 Ark. App. 60, 908 S.W.2d 664 (1995).

Reversed and dismissed.

JENNINGS and MEADS, JJ., agree.