Terry WILLIAMS  *v.*  STATE of Arkansas

CA CR 05-1064                    236 S.W.3d 519

Court of Appeals of Arkansas
Substituted Opinion on Rehearing delivered May 24, 2006

*Lucas Wayne Zakrezewski*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

David M. Glover, Judge. In *Williams v. State*, CACR05-1064 (Mar. 15, 2006), we reversed and dismissed Terry Williams's conviction for being a felon in possession of a firearm, and we reduced his conviction for possession of marijuana from a Class D felony to a Class A misdemeanor. Subsequently, the State filed a petition for rehearing, asserting that "a fundamental error has permeated" the appeal of appellant's conviction for possession of marijuana.[1] By explanation, the conviction was originally presented to this court by both appellant and the State as being governed by Arkansas Code Annotated section 5-64-401(c)(2) (Supp. 2005).[2] In retrospect, the State points out in its petition for rehearing that since appellant was charged with possessing marijuana in 2004, sentencing must be in accordance with the statute in effect at the time of the commission of the crime. *See State v. Stephenson*, 340 Ark. 229, 9 S.W.3d 495 (2000). Since our opinion incorrectly relied upon the cited 2005 replacement of the statute, we therefore issue this substituted opinion analyzing the applicable 2003 statute.

Terry Williams was convicted by a Pulaski County jury of the offenses of possession of firearms by certain persons and second-offense possession of a controlled substance — marijuana. He was sentenced to forty years in the Arkansas Department of Correction for the firearms conviction and six years for the possession-of-a-controlled-substance conviction, with the sentences to run concurrently. On appeal, he argues that the circuit court erred (1) by denying his motion for directed verdict with regard to the firearms charge; (2) by sustaining the State's objection to the line of argument pursued by defense counsel in closing argument; and (3) by refusing penalty-phase jury instructions proffered with respect to the possession of marijuana charge. We reverse and dismiss in part and affirm in part.

The State called two witnesses at trial. Elliot Young, a Little Rock police officer, testified that on February 7, 2004, he responded to a weapon-disturbance call at 1812 Reservoir Road, Apartment 263. Young was advised by dispatch that the subject was about to leave the premises in a Lincoln Town Car. When he arrived, Young

---

[1] The State made no argument in its petition for rehearing with regard to this court's reversal and dismissal of appellant's conviction for being a felon in possession of a firearm.

[2] Codified as Ark. Code Ann. § 5-64-401(c)(2) (Repl. 2005).

saw appellant standing by the described car with the driver's side door open; Young ordered appellant to put his hands up because appellant had started to reach into his left pocket when he saw Young's patrol car.

Appellant put his hands in the air, and Young performed a safety pat-down search, during which he found a plastic bag containing a green leafy substance that was later determined to be 12.8 grams of marijuana. Young also found appellant's photo-identification card during the search, and the address on the identification card was the same apartment address from which the disturbance call had come. Young testified that he did not find a weapon on appellant's person, and that he did not see any weapons in plain view in the vehicle.

Another Little Rock police officer, Harold Scratch, testified that he responded to a disturbance-with-a-weapon call on February 7, 2004, at an apartment on Reservoir Road. When he arrived Officer Young was placing appellant into custody, and Scratch assisted him. After appellant was arrested, Officer Scratch made contact with the complainant of the disturbance call, appellant's girlfriend, a Ms. Harris, who granted permission to enter the apartment to search for a weapon. In one of the two bedrooms, Scratch found a brown pistol case under the right side of the bed, containing a Ruger .44 magnum with a laser-sighting system and loaded with six hollow-point bullets.

On cross-examination, Scratch testified that Ms. Harris did not lead him to the gun, but then he acknowledged that in his report he had written that Ms. Harris had shown them where the gun was, and he said that statement was true. Scratch said that there were no signs of a struggle in the apartment, and that Ms. Harris had no bruises, contusions, or anything to indicate that she had been in a struggle. Scratch stated that the bag, gun, and bullets were not fingerprinted, and he did not know if the gun had ever been fired. Scratch said that the .44 magnum was a very powerful and very deadly weapon; that it would have considerable discharge; that it would be hard to control with one hand; and that you would have to be a strong person to use it.

After the officers' testimony, both parties stipulated to the fact that appellant had previously been· convicted of a prior violent felony, first-degree battery, for purposes of the firearms possession charge, and the State rested. Appellant moved for a directed verdict with regard to the firearms charge, arguing that the jury would have to resort to speculation with regard to whether appellant possessed the firearm, and the trial judge denied that motion. Appellant rested without calling any witnesses, and he renewed his directed-verdict

motion, which was again denied by the trial judge. The jury found appellant guilty on both charges, and appellant now brings this appeal.

In his first point on appeal, appellant argues that the trial court erred in denying his motion for directed verdict with regard to the charge of possession of firearms by certain persons. In *Vergara-Soto v. State*, 77 Ark. App. 280, 282, 74 S.W.3d 683, 684 (2002), this court set out our well-known standard of review for challenges to denials of directed-verdict motions:

> Directed-verdict motions are treated as challenges to the sufficiency of the evidence. When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it, when viewed in the light most favorable to the State. Substantial evidence, whether direct or circumstantial, is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another, without resort to speculation or conjecture. Only evidence supporting the verdict is considered.

(Citations omitted.)

Arkansas Code Annotated section 5-73-103(a)(1) (Repl. 2005) provides that, but for exceptions not pertinent to the facts of this case, no person who has been convicted of a felony shall possess or own any firearm. In the present case, the parties stipulated that appellant had previously been convicted of a violent felony. However, appellant's argument is not that the State failed to prove he was a convicted felon, but that the State failed to prove that he possessed the gun that was found. We find merit in appellant's argument.

In *Absure v. State*, 79 Ark. App. 317, 321-22, 87 S.W.3d 822, 826 (2002), this court stated:

> To convict one of possessing contraband, the State must show that the defendant exercised control or dominion over it. Neither exclusive nor actual physical possession, however, is necessary to sustain a charge of possessing contraband; rather, constructive possession is sufficient. Constructive possession may be implied when the contraband is in the joint control of the accused and another; however, joint occupancy alone is insufficient to establish possession or joint possession. The State must establish in a prosecution for possessing contraband (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband.

(Citations omitted.)

When the premises where contraband is found are jointly occupied, control and knowledge of the contraband can be inferred from the circumstances, such as the proximity of the contraband to

the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. *Young v. State*, 77 Ark. App. 245, 72 S.W.3d 895 (2002).

■ We hold that the State failed to establish that appellant exercised care, control, and management over the contraband. Although appellant does not concede that he lived in the apartment in which the gun was found, his photo–identification card indicated that apartment as his residence. Appellant apparently lived in this two-bedroom apartment with his girlfriend, because she was the person who gave consent for the search of the apartment in which the gun was found. There was no testimony as to who rented the apartment, appellant or his girlfriend, but because the gun was found in the jointly controlled apartment, the State was required to show that appellant exercised care, control, and management over the contraband, and that he knew the matter possessed was contraband.

Appellant was outside in the parking lot of the apartment complex when the police arrived, and he had already been arrested when the police found the gun in the apartment. The gun was under the right side of the bed, but there was no testimony as to who had placed it there; if appellant slept in that bedroom; if he slept on that side of the bed; or if he was the person who had brought the gun into the apartment. There was no evidence that the gun was found with any of appellant's personal belongings. The State did not test the weapon or the ammunition to see if appellant's fingerprints were found. The State also did not present evidence that appellant was the subject of the weapon–disturbance call. The only evidence the State presented was that the gun was found in an apartment jointly occupied by appellant and that it was large and difficult to handle, and that evidence is not sufficient to link appellant to the gun. We hold that the State failed to prove that appellant possessed the gun, and we reverse and dismiss appellant's felon–in–possession–of–a–firearm conviction. Due to this holding, it is unnecessary to discuss the second prong of the test, whether appellant knew that the matter possessed was contraband.

In his second point on appeal, appellant contends that the trial judge erroneously limited appellant's closing argument when the trial judge sustained the State's objection to his counsel's statement that "the prosecutors' main problem is they want to narrow possession of that gun down to two people. They want you to forget everybody else in the world." Due to our disposition of appellant's first point of appeal, it is unnecessary to address this point.

In his third point on appeal, appellant contends that the trial court erred in sentencing him for a Class D felony instead of a Class A misdemeanor on the possession-of-marijuana charge. Appellant

had previously been convicted of possession of cocaine, a Schedule II drug, but this conviction was his first offense for any controlled substance other than cocaine. Because of the previous conviction for possession of cocaine, the trial court increased appellant's possession-of-marijuana charge to a second offense, making it a Class D felony. Appellant argues that this conviction should only be a Class A misdemeanor because it was his first offense for a controlled substance that was not a Schedule I or Schedule II drug.

The pertinent language changes between the 2003 and 2005 versions of Arkansas Code Annotated section 5-64-401(c) are found in section 305 of Act 1994 of 2005 (Part A):

> . (c) POSSESSION. It is unlawful for any person to possess a controlled substance or counterfeit substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter. ~~Any person convicted of a first offense for violation of this subsection is guilty of a Class A misdemeanor. Provided any person who is convicted of a second offense for a violation of this subsection is guilty of a Class D felony. Provided, any person who is convicted of a third or subsequent offense for violation of this subsection shall be guilty of a Class C felony. Provided, however, any person who unlawfully possesses a controlled substance listed under Schedules I or II of subchapters 1-6 of this chapter shall be guilty of a Class C felony.~~ Any person who violates this subsection with respect to:
>
> (1) A controlled substance classified in Schedules I or II of this chapter is guilty of a Class C felony;
>
> (2) Any other controlled substance, first offense, is guilty of a Class A misdemeanor;
>
> (3) Any other controlled substance, second offense, is guilty of a Class D felony; and
>
> (4) Any other controlled substance, third or subsequent offense, is guilty of a Class C felony.

In statutory interpretation, we construe a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Vergara-Soto v. State*, 77 Ark. App. 280, 282, 74 S.W.3d 683, 684 (2002). The pertinent portions of the 2003 statute provide that "any person who is convicted of a second offense for a violation of this subsection is guilty of a Class D felony. . . . Provided, however, any person who unlawfully possesses a controlled substance listed under Schedules I or II of subchapters 1-6 of this chapter shall be guilty of a Class C felony." Under this subsection, appellant

had previously been convicted of possession of cocaine, a Schedule II drug. This conviction for possession of marijuana was his first offense for any controlled substance other than cocaine. Under the 2003 statute, the marijuana possession was the second offense for a violation of the subsection, thereby making that violation a Class D felony. We hold that appellant's conviction for possession of marijuana is a Class D felony under the 2003 statute for the reasons stated above.

Reversed and dismissed in part; affirmed in part.

PITTMAN, C.J., ROBBINS, BIRD, CRABTREE, and BAKER, JJ., agree.