2013 Ark. App. 120

**Laura BARRON–GONZALEZ, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 12–681.**

Court of Appeals of Arkansas.

Feb. 20, 2013.

Brasel Law Firm, PLLC, by: Aaron R. Brasel, for appellant.

Dustin McDaniel, Att'y Gen., by: Kathryn Henry, Ass't Att'y Gen., for appellee.

KENNETH S. HIXSON, Judge.

Appellant Laura Barron–Gonzalez was convicted by a jury of first-degree forgery, a Class B felony, and was sentenced to thirteen years in prison. Arkansas Code Annotated section 5–37–201 (Supp.2011) provides, in relevant part:

(a) A person forges a written instrument if, with purpose to defraud, the person makes, completes, alters, counterfeits, possesses, or utters any written instrument that purports to be or is calculated to become or to represent if completed the act of a person who did not authorize that act.

(b) A person commits forgery in the first degree if he or she forges a written instrument that is:

(1) Money, a security, a postage or revenue stamp, or other instrument issued by a government[.]

On appeal from her forgery conviction, Ms. Barron–Gonzalez argues that the trial court lacked jurisdiction to try her because the applicable statute of limitations had expired; that there was insufficient evidence to support the verdict; and that the trial court erred in allowing inadmissible hearsay. We affirm.

Christy Franklin is the human-resources manager at Mission Plastics in Nashville, Arkansas. Ms. Franklin testified that the appellant was employed at Mission Plastics from July 2, 2008, until she was terminated on February 4, 2012. According to Ms. Franklin, for the entire time the appellant worked there she held herself out to be a woman named "Regina Guzman."

Ms. Franklin testified that when the appellant applied for employment, the appellant presented a driver's license and social security card bearing the name of Regina Guzman. The appellant's photograph was on the Regina Guzman driver's license. The appellant was also required to fill out a federal I–9 form listing her residency status, as well as a federal W–4 form for tax purposes. On each of these documents the appellant signed her name as Regina Guzman and gave the social security number listed on the social security card she provided. During her employment, the appellant filled out vacation slips and received paychecks under the name of Regina Guzman. Over appellant's hearsay objection, Ms. Franklin was permitted to testify that she was contacted at work by a person purporting to be Regina Guzman.

Officer Larry Marion of the Nashville Police Department investigated this case. Over appellant's hearsay objection, Officer Larry Marion testified that the investiga-

tion began after he received a phone call from the real Regina Guzman complaining that someone had been using her name, social security number, and date of birth. Officer Larry Marion went to Mission Plastics to investigate a report of possible identity theft. Officer Marion told the supervisor that he wanted to see Regina Guzman. The supervisor brought a female to Officer Marion. Officer Larry Marion testified that he asked appellant her name and she said it was "Regina Guzman." The appellant spoke little English, so they went into a conference room and had a woman named Uve interpret for them. According to Officer Larry Marion, appellant subsequently acknowledged that her real name was Laura Barron, and that she was not Regina Guzman. This testimony was introduced over appellant's objection that it was hearsay testimony through the interpreter.

Officer Larry Marion transported the appellant to the Howard County jail. Officer Amy Marion was also involved in the investigation. Over appellant's hearsay objection, she testified that the investigation started because the real Regina Guzman filed a complaint. Officer Amy Marion testified that she spoke with the appellant at the police station later on January 19, 2012, and that Theresa Jones was the interpreter. Officer Amy Marion presented appellant with a *Miranda* waiver-of-rights form written in English and Spanish. The *Miranda* waiver-of-rights form was explained to the appellant by Theresa Jones. The *Miranda* form bears the initials "LBG" (Laura Barron–Gonzalez) written beside each question pertaining to the rights of the accused, indicating that appellant understood her rights. Officer Amy Marion stated that she signed the form and that she witnessed appellant sign the form as Laura Barron–Gonzalez. The interpreter also signed the form. Officer Amy Marion said that

appellant identified herself on that form and in all other police records as Laura Barron–Gonzalez. According to Officer Amy Marion, after signing the waiver-of-rights form, Ms. Barron–Gonzalez requested an attorney and did not give a statement.

Although Ms. Barron–Gonzalez challenges the sufficiency of the evidence supporting her conviction as her second point on appeal, we determine challenges to the sufficiency of the evidence before addressing other points on appeal. *See Chunestudy v. State*, 2012 Ark. 222, 408 S.W.3d 55. On appeal, we view the evidence in the light most favorable to the verdict. *Clayton v. State*, 2011 Ark. App. 692, 2011 WL 5563189. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.* For circumstantial evidence to be substantial, the evidence must exclude every other reasonable hypothesis than that of the guilt of the accused. *McClard v. State*, 2012 Ark. App. 573, 2012 WL 4832293. The question of whether the circumstantial evidence excludes every hypothesis consistent with innocence is for the jury to decide, and the jury's determination will not be disturbed unless the jury reached its verdict using speculation and conjecture. *Id.* In a sufficiency-of-the-evidence query, we examine all of the evidence including evidence allegedly admitted erroneously. *Jefferson v. State*, 86 Ark.App. 325, 185 S.W.3d 114 (2004).

In challenging the sufficiency of the evidence supporting her first-degree forgery conviction, Ms. Barron–Gonzalez argues that there was no substantial evidence that

(1) she acted with the intent to defraud, (2) a written instrument was forged, or (3) her acts were unauthorized. Appellant cites *Johnson v. State,* 236 Ark. 917, 370 S.W.2d 610 (1963), where the supreme court said that, if a person has permission to sign another's name to the instrument in question, there can be no forgery. Ms. Barron–Gonzalez asserts that the State presented no person named Regina Guzman who claimed to be defrauded, and thus failed to prove that Regina Guzman did not authorize the acts. She claims that under these facts the |₅State failed to prove any intent to defraud or any unauthorized acts. She further contends that none of the documents presented by the State fell under the definition of an instrument that is money, a security, or postage or revenue stamp, or other instrument issued by a government, which is a requirement for a first-degree forgery conviction.

■■ Appellant's argument that none of the documents were prohibited instruments for purposes of the first-degree-forgery provision is easily dispensed with because this particular challenge to the sufficiency of the evidence was not raised when she made her directed-verdict motion to the trial court. In order to preserve a challenge to the sufficiency of the evidence, the specific argument must have been raised below. *See Baker v. State,* 2010 Ark. App. 843, 2010 WL 5129959. Moreover, even had this argument been preserved it would be of no avail because a driver's license, social security card, and the forms signed by Ms. Barron–Gonzalez in applying for the job are all instruments issued by the government.

■■ Appellant has preserved her arguments that the State failed to prove that she had the intent to defraud or that her acts were unauthorized. We, however, conclude that those elements were supported by substantial evidence. A criminal defendant's state of mind rarely can be proved by direct evidence and must usually be inferred from the circumstances of the crime. *Green v. State,* 330 Ark. 458, 956 S.W.2d 849 (1997). Because of the obvious difficulty in ascertaining a defendant's intent, a presumption exists that a person intends the natural and probable consequences of her acts. *Anderson v. State,* 2009 Ark. App. 804, 372 S.W.3d 385. In *Anderson,* we held that the State was not required, in a prosecution for forgery based on the appellants' possession and use of forged checks and a fake credit card, to |₆present the account owners' testimony that they had not authorized the appellants to possess and use their checks and credit card.

■ In the present case, the evidence showed that Ms. Barron–Gonzalez applied for a job using another woman's name and documents. Her photograph was imprinted on the Regina Guzman driver's license. She signed the name Regina Guzman on the I–9 and W–4 forms required for her application. She received payroll checks from Mission Plastics for more than three and a half years under the name and social security number of Regina Guzman. The human-resources manager, Ms. Franklin, testified that Mission Plastics never received any type of authorization or signed document stating that appellant could use the name Regina Guzman. In January 2012, the Nashville Police Department began its investigation after receiving information from a woman named Regina Guzman that someone was using her name and social security number. When confronted with this investigation appellant initially lied and said she was Regina Guzman, but she later admitted that she was Laura Barron, and she signed her name as Laura Barron–Gonzales on the *Miranda* waiver-of-rights form. Viewing these facts in the light most favorable to the State, we hold

that a jury could reasonably conclude beyond speculation and conjecture that the appellant intended to defraud and was not authorized to use Regina Guzman's name and personal information. Therefore, we hold that Ms. Barron–Gonzalez's first-degree-forgery conviction was supported by substantial evidence.

■ We next address appellant's argument that the trial court lacked jurisdiction to try her because the charges were brought outside of the time required by law. Although this |₇argument was not raised below, an argument regarding the statute of limitations in a criminal case is jurisdictional and not subject to waiver. *Scott v. State,* 69 Ark.App. 121, 10 S.W.3d 476 (2000).

■ A prosecution for a Class B felony shall be commenced within three years of the commission of the offense. Ark.Code Ann. § 5–1–109(b)(2) (Supp. 2011). Subsection (e)(1) of this statute provides:

(e)(1) For the purposes of this section, an offense is committed either when:

(A) Every element occurs; or

(B) If a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time the course of conduct or the defendant's complicity in the course of conduct is terminated.

In a criminal prosecution, the State must prove beyond a reasonable doubt that the statute of limitations has not expired. *See* Ark.Code Ann. § 5–1–111(a)(4) (Repl. 2006). When a statute-of-limitations issue is reviewed on appeal, the appellate court views the evidence in the light most favorable to the State. *Talbert v. State,* 367 Ark. 262, 239 S.W.3d 504 (2006).

Ms. Barron–Gonzalez contends that the statute of limitations expired in this case because her alleged wrongful acts all occurred in July 2008 when she was applying for employment, and the criminal information was not filed until more than three years later on January 25, 2012. She asserts that the I–9 and W–4 forms were both signed on July 2, 2008, and that there was no evidence she possessed Regina Guzman's driver's license or social security card at any time beyond that date. Because no illegal acts were allegedly shown to have occurred within three years preceding the filing of the charges, Ms. Barron–Gonzalez submits that the trial court lacked jurisdiction and that her conviction must be reversed.

■ |₈Viewing the evidence in the light most favorable to the State, we hold that prosecution against appellant was not barred by the statute of limitations. Arkansas Code Annotated section 5–1–109(c)(1) (Supp.2011) provides:

(c) If the period prescribed in subsection (b) of this section has expired, a prosecution may nevertheless be commenced for:

(1) Any offense involving either fraud or breach of a fiduciary obligation, within one (1) year after the offense is discovered or should reasonably have been discovered by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself or herself not a party to the offense[.]

In this case the offense involved fraud because, for the entire time the appellant worked for Mission Plastics, she misrepresented her identity as Regina Guzman. Appellant's fraudulent conduct was consummated each time she received a paycheck under a false name. The forgery offense was not discovered until Officer Larry Marion received a phone call from the real Regina Guzman complaining that someone had been using her name and social security number. After receiving the call, Officer Larry Marion confronted appellant with the allegations on January

19, 2012, and the charges were filed six days later. Appellant's fraud suspended the statute of limitations until the offense was discovered and the police began their investigation in January 2012. The charges were timely filed within one year in compliance with the provisions of subsection (c)(1).

Appellant's remaining argument is that the trial court erred in permitting hearsay testimony. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Ark. R. Evid. 801(c). Under Rule 802, hearsay is inadmissible unless an exception applies.

In the present case, Ms. Barron–Gonzalez contends that inadmissible hearsay evidence presented in this case was the only testimony showing that she was not Regina Guzman. Appellant complains that the only evidence indicating that she was Laura Barron–Gonzalez was through Detective Larry Marion's hearsay testimony regarding what a translator named Uve had said to him. Ms. Barron–Gonzalez also assigns error to the trial court's decision permitting Officer Larry Marion to repeat hearsay from someone purporting to be Regina Guzman, who had allegedly identified herself and told the officer that someone was using her identity and social security number. Appellant complains that neither Uve nor Regina Guzman testified at trial, and thus she was unable to cross-examine either of them about their prejudicial statements.

The decision to admit or exclude evidence is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004). An abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but requires that the trial court acted improvidently, thoughtlessly, or without due consideration. *Id.* Moreover, an appellate court will not reverse a trial court's evidentiary ruling absent a showing of prejudice. *Harris v. State*, 366 Ark. 190, 234 S.W.3d 273 (2006).

We hold that the trial court did not abuse its discretion in admitting the contested testimony. With regard to the translator's statement to the officer wherein appellant identified herself as Laura Barron–Gonzalez, it has generally been held that an interpreter is viewed as an agent of the defendant; thus, the translation is attributable to the defendant as her own admission and is properly characterized not as hearsay, but as an admission by a party opponent. *See United States v. Sanchez–Godinez*, 444 F.3d 957 (8th Cir.2006); Ark. R. Evid. 801(d)(2). Moreover, even had any error occurred in admitting the statement of the translator regarding appellant's identity, it did not prejudice appellant because she identified herself as Laura Barron–Gonzalez when she signed her name on the *Miranda* waiver-of-rights form. With regard to Officer Larry Marion's testimony about his telephone contact with the real Regina Guzman, there was no abuse of discretion in permitting this testimony because an out-of-court statement is not hearsay if it is offered to show the basis of an officer's actions. *See Bragg v. State*, 328 Ark. 613, 946 S.W.2d 654 (1997). Here, Officer Larry Marion's testimony was admissible to explain what prompted his investigation of the appellant and not for the truth of the matter asserted.

Affirmed.

GLADWIN, C.J., and WYNNE, J., agree.