JIM HANNAH, Chief Justice, concurring in part and dissenting in part. I respectfully dissent to the majority’s holding that substantial evidence supports the jury’s verdict that Billy Dale Green committed, or was an accomplice to, the murders of Carl, Lisa, and Gregory Elliott. The evidence outlined by the majority may constitute substantial evidence that Billy assisted his son Chad in “cleaning up” after the murders; however, it is that same evidence that clearly forced the jury to resort to speculation and conjecture as to Billy’s actual involvement in the murders. Indeed, there was testimony that Billy was known to carry a knife and that some of the wounds suffered by the victims were consistent with having been caused by a knife. And too, Billy went to “clean up Chad’s mess” and told his family to lie about his whereabouts on the night of the murders. Finally, there was evidence to suggest that Billy had time to get to the Elliotts’ home before the disturbance call was heard over the police scanner. However, this evidence is merely circumstantial in nature; the State offered no direct evidence whatsoever to place Billy at the scene at the time Carl, Lisa, and Gregory were murdered, nor was it |⅜1 shown by the evidence that these three victims were alive immediately before the disturbance call went out on the police scanner. Regardless of whether evidence is direct or circumstantial, it must still meet the requirement of substantiality — it must force the fact-finder to reach a conclusion one way or the other without resorting to speculation or conjecture. Chism v. State, 312 Ark. 559, 853 S.W.2d 255 (1993). Because there is a noticeable absence of substantial evidence in this case, the majority must rely on inferences drawn from the evidence presented by the State to conclude that Billy committed, or was an accomplice to, the murders of Carl, Lisa, and Gregory. However, “[w]here inferences are relied upon, they should point to guilt so clearly that any other conclusion would be insufficient. This is so regardless of how suspicious the circumstances are.” Hodge v. State, 303 Ark. 375, 379, 797 S.W.2d 432, 435 (1990) (quoting Ravellette v. State, 264 Ark. 344, 347, 571 S.W.2d 433, 435 (1978)). I cannot say that the evidence presented by the State in this case meets that requirement as to the murders of Carl, Lisa, and Gregory. Therefore, I dissent on this issue. I concur that substantial evidence supports the kidnapping and capital-murder convictions regarding Felicia, and I concur in the remaining holdings of the majority. CORBIN and DANIELSON, JJ., join.