SLIP OPINION

Cite as 2014 Ark. App. 587

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-14-33

| | | |
|---|---|---|
| TRAVIS L. WHITE<br>APPELLANT | | **Opinion Delivered** October 29, 2014 |
| V. | | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT<br>[NO. CR2012-275] |
| STATE OF ARKANSAS<br>APPELLEE | | HONORABLE SANDY HUCKABEE, JUDGE |
| | | AFFIRMED |

### RITA W. GRUBER, Judge

Members of the Lonoke County Sheriff's Office went to Travis L. White's residence on June 20, 2012, acting on information that a stolen pistol and a lawn mower might be located there. White, who was inside the residence with three other people when officers arrived, consented to a search of his house and anything on the property. Officers arrested him for felon in possession of a firearm after finding a firearm, a box of ammunition, and his wallet inside his aunt's Ford F-150 truck. He and his cousin were taken to the sheriff's office, where White was Mirandized and gave a statement in which he acknowledged that he had driven the truck earlier in the day but denied that the gun belonged to him or that he knew it was in the truck.

Evidence at the bench trial in the circuit court included testimony by officers and White. At the trial's conclusion, White was convicted on the firearms charge. He subsequently filed a motion to reconsider, which was orally argued to the circuit court and

was denied. The State requested "the full range of punishment" at the sentencing phase of trial, and White requested probation in order to keep his job and continue supporting his two children. The court agreed that probation was appropriate, stating, "This case has caused me pause, not only on the guilt phase but also on the sentencing phase." The court then pronounced a sentence of seventy-two months' probation. White now appeals, challenging the sufficiency of the evidence to show that he constructively possessed the gun.[1] We affirm.

Arkansas Code Annotated section 5-73-103(a) (Supp. 2013) provides that no convicted felon shall possess or own a firearm. A showing of constructive possession, which is the control or right to control the contraband, is sufficient to prove possession of a firearm. *Argo v. State*, 53 Ark. App. 103, 105, 920 S.W.2d 18, 20 (1996). Constructive possession can be implied where the contraband was found in a place immediately and exclusively accessible to the accused and subject to his control. *Id.* Constructive possession may be established by circumstantial evidence, but when such evidence alone is relied on for conviction, it must indicate guilt and exclude every other reasonable hypothesis. *Id.*

White argues that the evidence did not exclude every reasonable hypothesis other than his guilt. He notes testimony that his cousin had driven the truck the day before officers searched it and that before he (White) was able to drive it on the morning of the search, he had to get the key from his cousin. White points out that other people were in the residence

---

[1]White preserved this issue by making a specific directed–verdict motion at the close of the evidence. Although he called his motion one for a directed verdict, the motion at a bench trial is properly a motion to dismiss. Ark. R. Crim. P. 33.1(b) (2013). A motion to dismiss at a bench trial is a challenge to the sufficiency of the evidence. *E.g.*, *Dobbins v. State*, 2013 Ark. App. 269, at 3.

SLIP OPINION

at the time the gun was found in the truck; no one could say when the gun was put there; other people had access to the truck, in which there was a prescription bottle belonging to someone named "Jennifer"; no fingerprints were taken from the gun; and the cousin initially claimed ownership of the gun, changing his story only when officers mentioned that the gun might be stolen and he was confronted with the possibility of being AWOL from the military.

White argues that there are other reasonable hypotheses as to who put the gun in the truck: specifically, his cousin or one of the other two persons in the house. He asserts that speculation is required to conclude that he put the gun in the truck or was in the truck at a time the gun was there. In support of his argument, he cites *Williams v. State*, 94 Ark. App. 440, 236 S.W.3d 519 (2006), where we reversed the circuit court's finding that the appellant constructively possessed a gun found in the apartment he jointly occupied with his girlfriend.

The appellant in *Williams* was already outside in the parking lot when police arrived to investigate a weapon–disturbance call. 94 Ark. App. at 444, 236 S.W.3d at 522. There were no signs that a struggle had occurred in the two-bedroom apartment or that the girlfriend had been in a struggle. *Id*. at 442, 236 S.W.3d at 521. Under the right side of the bed in one bedroom, an officer found a pistol case containing a Ruger .44 magnum with a laser-sighting system and loaded with six hollow-point bullets. *Id*. The officer did not know if the gun had ever been fired, and no fingerprints were taken from the bag, the gun, or the bullets. *Id*. There was no testimony regarding who had placed the gun under the bed, if appellant slept on the right side of the bed or even in that particular bedroom, if he was the person who had brought the gun into the apartment, if the gun was found with any of his

SLIP OPINION

personal belongings, or that he was the subject of the weapon-disturbance call. *Id*. at 444, 236 S.W.3d at 522. We held that evidence of the gun's presence in the jointly occupied apartment, along with the officer's testimony that the gun was large and difficult to handle, was not sufficient to link appellant to the gun. *Id*.

On appeal, we view the evidence in the light most favorable to the State, considering only the evidence that supports the verdict. *Clayton v. State*, 2011 Ark. App. 692. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, either direct or circumstantial. *Barron-Gonzalez v. State*, 2013 Ark. App. 120, 426 S.W.3d 508. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id*. For circumstantial evidence to be substantial, the evidence must exclude every other reasonable hypothesis than that of the guilt of the accused. *Id*. The question of whether the circumstantial evidence excludes every hypothesis consistent with innocence is a decision for the fact-finder, whose determination will not be disturbed unless it reached its verdict using speculation and conjecture. *Id*.

Under these standards, the evidence in the present case is as follows. Officer Keenan Carter testified that he assisted in searching the truck, which he had often seen White driving, and that the firearm was located under the truck's center fold-down console. He further testified,

> If you're looking through the window from the passenger's side of the vehicle, you could see just the tip of it and the tip of the holster that it was in. It wasn't wedged down far underneath there. . . . The firearm itself . . . was inside the holster that was underneath the armrest.

Carter also testified about the location of the ammunition and White's wallet:

> [Y]ou could pull a lever there in the front and [the console] would open up like a clamshell and that's the contents of it, being ammunition that would fit and function in that firearm, and the brown wallet there belonging to Mr. White. That is 9 mm ammunition and the firearm I found underneath there was a 9 mm. The location of that wallet is sort of to the side but on top of the ammunition.

In summary, the partially hidden gun was visible through the window of the vehicle, the gun was beneath the console, and White's wallet was inside the console just above a box of ammunition matching the caliber of the weapon.

Viewed in the light most favorable to the State, the evidence established that the gun was in the truck in plain view, located in close proximity to White's personal effects; that White exercised regular control over the vehicle; and that, although he was not in the vehicle at the time the gun was discovered, he had driven the truck on the morning the gun was found. It was up to the circuit court to decide whether White constructively possessed the firearm and whether all other hypotheses were reasonably excluded. We hold that there was sufficient evidence that White constructively possessed the gun.

Affirmed.

WALMSLEY and HARRISON, JJ., agree.

*Montgomery, Adams & Wyatt, PLC*, by: *James W. Wyatt*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.