Cite as 2015 Ark. App. 328

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-14-802

| | | |
|---|---|---|
| TRACY LAND DAVIS | | **Opinion Delivered** May 20, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. CR 2013-196-4] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE HAMILTON H. SINGLETON, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## RITA W. GRUBER, Judge

Tracy Land Davis was convicted by a jury on one count of criminal mischief and one count of theft of property, each offense involving property valued at $5000 or less but more than $1000. He was sentenced as a habitual criminal to ten years' imprisonment on each offense, the terms to run consecutively. He now appeals, challenging the sufficiency of the evidence. He argues that the State failed to prove that he was the person who committed these crimes; rather, he argues, the evidence showed only that he possessed property he had found and that "someone" committed the offenses. We find that substantial evidence supports the convictions, and we affirm.

A person commits first-degree criminal mischief if he purposely and without legal justification destroys or causes damage to the property of another. Ark. Code Ann. § 5-38-203(a)(1) (Repl. 2013). Criminal mischief in the first degree is a Class D felony if the amount of actual damage is more than $1000 but less than $5000. Ark. Code Ann. §

SLIP OPINION

5-38-203(b)(2) (Repl. 2013). A person commits theft of property if he knowingly takes or exercises unauthorized control over the property of another with the intent to deprive the owner thereof. Ark. Code Ann. § 5-36-103(a)(1) (2013). Theft of property is a Class D felony if the property is valued at less than $5000 but more than $1000. Ark. Code Ann. § 5-36-103(b)(3)(A).

When the sufficiency of the evidence is challenged on appeal, we view the evidence in the light most favorable to the State, considering only the evidence that supports the verdict. *White v. State*, 2014 Ark. App. 587, 446 S.W.3d 193. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, either direct or circumstantial. *Id*. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id*. For circumstantial evidence to be substantial, the evidence must exclude every other reasonable hypothesis than that of the guilt of the accused. *Id*. The question whether the circumstantial evidence excludes every hypothesis consistent with innocence is a decision for the fact-finder, whose determination will not be disturbed unless it reached its verdict using speculation and conjecture. *Id*.

On appeal, Davis repeats the arguments he made in his motions for a directed verdict— that there was no substantial evidence that he was the person who committed the crimes in this case. The evidence, however, viewed in the light most favorable to the State, is as follows.

At approximately 2:00 a.m. on April 16, 2013, Officer Tammie Goodwin of the El

Dorado Police Department was on patrol about half a mile from Washington Middle School. She observed Davis carrying an air-conditioner condenser coil above his head; he seemed nervous and was sweating quite a bit although the temperature was in the low 70s. The coil was cool to the touch and bore drops of condensation. Officer Goodwin asked him what he was doing, and he said that he had "found" the coils. She later learned that he lived in the area she was patrolling. A search incident to arrest revealed that in Davis's pockets were black gloves, a black "stream" flashlight, and a small pocket knife with his name engraved on it. In his backpack were black plastic garbage bags, a pair of white gloves, a Realtree toboggan cap with holes cut in it, small pieces of copper tubing that had been cut, and a bag of tools—a ratchet, two sockets, and needle-nose pliers.

Dennis Robinson, a heat-and-air technician for the El Dorado schools, reported to a school-resource officer the same day that a copper condenser coil was missing from a rooftop air conditioner at the school. Robinson learned that a report had already been made. At trial, he identified the damaged condenser coil as the one taken from the roof, noting that it "matched break-out points where it was broken from the existing unit." He recalled that on March 28, 2013, similar damage had been done to a coil taken from a unit on the ground. He testified on recross-examination, "I think Tracy Davis was arrested for the March 28 incident."

Todd Surber, the police detective assigned to the case, testified that he photographed evidence other than the toboggan cap and gloves, which had been placed in a drying box because they were wet. Surber also conducted an interview of Davis, who said only that he

found the coil on a trail from his house and was taking it back to his residence.

We hold that the evidence summarized above allowed the jury to conclude, without resorting to speculation and conjecture, that Davis was guilty of the criminal mischief and theft of property. It was up to the jury to decide the weight of the evidence presented at trial and to decide whether the circumstantial evidence excluded every reasonable hypothesis other than guilt.

Affirmed.

HARRISON and VAUGHT, JJ., agree.

*N. Mark Klappenbach*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.

SLIP OPINION