SLIP OPINION

Cite as 2015 Ark. App. 427

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-14-1014

|  |  |
|---|---|
| | Opinion Delivered AUGUST 26, 2015 |
| DUSTIN WAYNE BROWN <br> APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-13-120] |
| V. | |
| | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| STATE OF ARKANSAS <br> APPELLEE | AFFIRMED |

### KENNETH S. HIXSON, Judge

Appellant Dustin Wayne Brown was charged in Garland County Circuit Court with the first-degree murder of David Halpin.[1]  Appellant was accused of being an accomplice to Steven Curtiss.  A jury convicted Brown of manslaughter, enhancing the conviction based on the use of a firearm in the commission of this felony.  Appellant raises two arguments on appeal for reversal: (1) that the trial court erred in not directing a verdict in his favor at the close of the State's case; and (2) that the trial court erred with regard to jury instructions in failing to give AMI–Criminal 404 and in giving AMI–Criminal 401 in an allegedly improper form.  We affirm.

In a jury trial, a motion for directed verdict is a challenge to the sufficiency of the evidence.  *Baughman v. State*, 353 Ark. 1, 110 S.W.3d 740 (2003).  We view all the evidence

---

[1]Appellant was also initially charged with second-degree battery of Amber Brinsfield, but that charge was later dropped.

SLIP OPINION

in the light most favorable to the State and affirm if the conviction is supported by substantial evidence. *Id.* To preserve the sufficiency of the evidence for appellate review, however, a defendant must move for directed verdict at the close of the State's evidence and at the close of all the evidence. Ark. R. Crim. P. 33.1(a) (2015). A motion for directed verdict shall state the specific grounds therefor. *Id.* The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsection (a) will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. Ark. R. Crim. P. 33.1(c) (2015). In addition, to preserve for appeal the issue of the sufficiency of the evidence to support a conviction on a lesser-included offense, a defendant's motion for directed verdict must address the lesser-included offense either by name or by apprising the trial court of the elements of the lesser-included offense questioned. *Jefferson v. State*, 359 Ark. 454, 198 S.W.3d 527 (2004); *Grillot v. State*, 353 Ark. 294, 107 S.W.3d 136 (2003); *Nicholson v. State*, 2010 Ark. App. 624; *Mainard v. State*, 102 Ark. App. 210, 283 S.W.3d 627 (2008).

The State asserts that appellant failed to preserve a challenge to the sufficiency of the evidence because his motion for directed verdict was not timely, nor did it specifically challenge the lesser-included offense of manslaughter. Appellant asserts that his motion was timely based on the direction he was given by the trial court.

In this jury trial, defense counsel moved for directed verdict on the charge of first-degree murder. Defense counsel did not move for a directed verdict on the lesser-included offense of manslaughter, either by name or element. Appellant was ultimately convicted of

manslaughter. The failure to move for a directed verdict on the offense of manslaughter precludes appellate review of the sufficiency of the evidence. *See id*. For this reason, we need not address the timeliness issue.

Appellant next asserts reversible error in the jury instructions. The State and defense offered AMI–Criminal 401, which explains the proof necessary to establish accomplice liability. In accordance with the model jury instruction, the trial court instructed the jury:

> In this case the State does not contend that Dustin Wayne Brown acted alone in the commission of the offenses charged. A person is criminally responsible for the conduct of another person when he is an accomplice in the commission of an offense.
>
> An accomplice is one who directly participates in the commission of an offense or who, with the purpose of promoting or facilitating the commission of an offense:
>
>> Solicits, advises, encourages, or coerces the other person to commit the offense; or
>>
>> Aids, agrees to aid, or attempts to aid the other person in planning or committing the offense; or
>>
>> Having a legal duty to prevent the commission of the offense, fails to make a proper effort to do so.

Appellant's attorney states that neither the State nor the defense submitted the model jury instruction with the last sentence included because there was no allegation that appellant had a legal duty to prevent the crime. Appellant's attorney argued at trial that the trial court's inclusion of the "legal duty" portion of the instruction entitled the defense to AMI–Criminal 404. This jury instruction, as applied to this defendant, reads as follows:

> Mere presence, acquiescence, silence, or knowledge that a crime is being committed, in the absence of a legal duty to act, is not sufficient to make one an accomplice. Therefore, if you find that Dustin Brown was only present while a crime was being committed and did not have a legal duty to act, then he is not an accomplice.

SLIP OPINION

Defense counsel argued that Instruction 404, which was proffered, clarified that in the absence of a legal duty to prevent the crime, mere presence is insufficient to make one an accomplice. The trial court denied the request to have the jury instructed on AMI–Criminal 404.

Appellant argues that because the evidence supported the giving of Instruction 404, it was error for the trial court not to give it. We disagree. Our supreme court has repeatedly held that it is implicit in the accomplice-liability instruction (AMI–Criminal 401) that mere presence or acquiescence at the crime scene is not enough to support accomplice liability. *Strain v. State*, 2012 Ark. 184, 423 S.W.3d 1; *Henderson v. State*, 349 Ark. 701, 80 S.W.3d 374 (2002); *Jones v. State*, 336 Ark. 191, 984 S.W.2d 432 (1999). Additionally, the failure to give the "mere presence" instruction (AMI–Criminal 404), even when it is properly requested, cannot be reversible error where AMI–Criminal 401 is given. *Id.* The test for reversing on this issue is whether the omission infects the entire trial such that the resulting conviction violates due process. *Hickman v. State*, 372 Ark. 438, 277 S.W.3d 217 (2008). We hold that there is no reversible error in the trial court's refusal to give the jury Instruction 404 because the resulting conviction does not violate due process.

As to appellant's secondary argument that the trial court erred in giving the entirety of Instruction 401 because the last sentence was unnecessary, we affirm. Because AMI–Criminal 401 is a complete and accurate statement of Arkansas law on accomplice liability, it was not error to instruct the jury on the entirety of it. *Jackson v. State*, 359 Ark. 297, 197 S.W.3d 468 (2004).

Appellant's conviction is affirmed.

WHITEAKER and VAUGHT, JJ., agree.

4

*Joseph C. Self*, for appellant.

*LeslieRutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., and *Matthew Rowland*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.