
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–612

| | |
|---|---|
| TRAVIS KIMBLE | **Opinion Delivered** February 17, 2016 |
| APPELLANT | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. CR-14-94] |
| V. | |
| STATE OF ARKANSAS | HONORABLE JERRY DON RAMEY, JUDGE |
| APPELLEE | |
| | AFFIRMED |

### M. MICHAEL KINARD, Judge

Travis Kimble appeals his conviction for possession of a firearm by a felon. For his sole point on appeal, appellant argues that the evidence was insufficient to prove that he actually possessed the firearm. We affirm.

Testimony at the jury trial established that the Morrilton police were called to the home of Jonnie Simpson, appellant's wife, on the night of April 15, 2014. Simpson testified that there had been an altercation, and she had told appellant to leave. Officer Aaron Mariott arrived at the home thereafter, and Simpson told him that appellant had taken her gun. Simpson testified that she did not see appellant with her gun, but after he left, she had looked for the gun where she kept it in her bedroom and it was not there. Simpson showed Mariott an empty gun case, which listed the make and model of the firearm along with the serial number. A description of appellant was put out for police to look for him.

Officer Ken Eubanks of the Plumerville Police Department testified that he was

driving in Morrilton on the morning of April 16, 2014, when he recognized the man the Morrilton Police Department had been looking for walking down a street. Eubanks alerted the Morrilton Police Department and attempted to keep visual contact with appellant. When he approached appellant in his patrol car, appellant quickly turned and walked away. Eubanks then followed appellant and saw him drop a black object from his right hand. At this point, Eubanks stopped appellant. When a Morrilton officer arrived, Eubanks walked to the location where he saw appellant drop the black object and found a handgun. He said that he found no other black objects there. A Morrilton officer verified by serial number that it was Simpson's gun.

In a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State, considering only the evidence that supports the verdict. *White v. State*, 2014 Ark. App. 587, 446 S.W.3d 193. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, either direct or circumstantial. *Id*. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id*.

Arkansas Code Annotated section 5-73-103 (Supp. 2015) provides that no person who has been convicted of a felony shall possess or own any firearm. Appellant argues that the State was required to prove that he actually possessed the firearm by having direct physical control over it. He argues that none of the officers saw him physically possessing the gun and that the fact that the gun was found in his vicinity was not sufficient proof.

Appellant's argument is without merit. This court has held that the State is not

required to prove actual possession but may instead prove that the accused was in constructive possession of a firearm. *Johnson v. State*, 2014 Ark. App. 567, 444 S.W.3d 880. For constructive possession, the State must establish that the defendant exercised care, control, and management over the contraband. *Id.* Constructive possession may be implied where the contraband is found in a place immediately and exclusively accessible to the accused and subject to his control. *Id.*

In *Johnson*, the defendant was being chased by police on foot when an officer observed him pull an object out of the right pocket of his pants and toss it to the ground. The officer could not identify the object because it was dark, but Johnson then surrendered and another officer found a gun in the immediate vicinity of his arrest. Johnson argued on appeal that the evidence was insufficient because the gun was not found in his actual possession, but we held that there was sufficient evidence from which the fact-finder could infer constructive possession of the firearm.

Here, Officer Eubanks observed appellant drop a black object, and the gun missing from Simpson's home was soon thereafter discovered in that location. We hold that there is substantial evidence that appellant possessed the gun.

Affirmed.

WHITEAKER and HIXSON, JJ., agree.

*Howard M. Holthoff*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.