
# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–17–29

| | |
|---|---|
| CHRISTOPHER JORDAN MCNEELY<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** September 27, 2017<br><br>APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT<br>[NO. 71CR-15-98]<br><br>HONORABLE H.G. FOSTER, JUDGE<br><br>AFFIRMED |

### N. MARK KLAPPENBACH, Judge

Following a bench trial in the Van Buren County Circuit Court, Christopher Jordan McNeely was convicted of possession of a firearm by a felon and sentenced as a habitual offender to ten years' imprisonment. On appeal, McNeely challenges the sufficiency of the evidence that supported his conviction and argues that the sentencing phase of the trial and resulting sentence were "illegal and unfair." We affirm.

Officers James Burroughs and Jay Murdock of the Clinton Police Department testified about responding to the residence of Michael and Cindy Fritts for a report of gunfire on the night of September 4, 2015. Burroughs said that it was not against the law to shoot guns in that location, and they were just going to tell them to "knock it off." Burroughs said that as he pulled up, he saw McNeely standing next to the passenger window of a Chevrolet pickup truck. Burroughs said that when McNeely saw Burroughs's patrol car, McNeely turned and made a tossing motion toward the car, and Burroughs saw something come out

SLIP OPINION

of his hand. McNeely started to walk away, and Burroughs got out of his car and yelled for him to come back. At that point, Burroughs saw a 9 mm pistol on the ground in front of his car. There were gouge marks where it had hit the ground, and there was dirt in the muzzle and in the ejection port. The gun was loaded. Burroughs said that no one else besides McNeely was in the area when he drove up.

Video from the body camera Burroughs was wearing was played at trial and showed the officers' conversations with McNeely and Michael, who had walked up from the other side of the residence after the officers had arrived. The officers determined that McNeely was on parole and asked him what he was doing around firearms. McNeely claimed that he did not know the gun was there. Burroughs testified that McNeely appeared to be under the influence and that he denied throwing the gun. Michael told the officers that there were two guns in the area that he had been shooting—a .22 revolver that he had dropped in the yard and a 9 mm pistol he had left in the passenger side of McNeely's truck. Officer Murdock recovered the .22 about 75 to 100 yards south of the residence close to the highway. McNeely's truck was parked near the residence, and 9 mm bullets were found in the passenger seat. Burroughs asked Cindy if she saw McNeely throw the gun, but she said she was inside at the time.

Michael testified at trial that he had been siting in McNeely's truck to load his 9 mm and then went down to the road and shot it. He said that it kept jamming so he threw it down in the yard with his .22 and then fired his .357 before the police arrived. Michael said

2

SLIP OPINION

that he was firing the guns about 10 to 30 feet from the highway and 40 to 75 feet from McNeely's truck. He did not remember telling the officers that the 9 mm was in the passenger side of the truck when the officers were at the house because he thought he had tossed it on the ground where he had been shooting. He said that he never saw McNeely with the 9 mm or any of the guns.

The circuit court denied McNeely's motions for dismissal and found him guilty of being a felon in possession of a firearm. McNeely testified during the sentencing phase of the trial that he was currently serving a prison term after having his parole revoked. He said that he had received a lot of his convictions when he was still a teenager, that he had obeyed the conditions of release, and that he had never owned a gun and did not know how to work one. His attorney asked that he be sentenced to less than the normal range because he could still be rehabilitated, and fifteen years was not appropriate. After reviewing his prior offenses, the circuit court sentenced him to ten years' imprisonment to run consecutive to the sentence he was already serving.

McNeely first challenges the sufficiency of the evidence that supported his conviction. On appeal, we view the evidence in the light most favorable to the State, considering only the evidence that supports the verdict. *White v. State*, 2014 Ark. App. 587, 446 S.W.3d 193. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, either direct or circumstantial. *Id*. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass

SLIP OPINION

beyond suspicion and conjecture. *Id*. For circumstantial evidence to be substantial, the evidence must exclude every other reasonable hypothesis than that of the guilt of the accused. *Id*. The question whether the circumstantial evidence excludes every hypothesis consistent with innocence is a decision for the fact-finder, whose determination will not be disturbed unless it reached its verdict using speculation and conjecture. *Id*.

Arkansas Code Annotated section 5–73–103(a)(1) (Repl. 2016) provides that no person who has been convicted of a felony shall possess or own a firearm. A showing of constructive possession, which is the control or right to control the contraband, is sufficient to prove possession of a firearm. *White*, *supra*. Constructive possession can be inferred where the contraband was found in a place immediately and exclusively accessible to the accused and subject to his control. *Id*.

McNeely argues that the evidence did not exclude every hypothesis consistent with his innocence due to Michael's testimony that the gun had been in his possession and he had thrown it on the ground. He claims that this testimony distinguishes his case from *Kimble v. State*, 2016 Ark. App. 99, 483 S.W.3d 832, in which an officer observed the defendant walk away from him and drop a black object, later determined to be a missing gun. We disagree. Neither of Michael's two explanations for where he left the gun accounts for it being found on the ground in front of Burroughs's patrol car after McNeely made a tossing motion in that direction. The evidence showed that Michael was not in the area when Burroughs drove up and observed McNeely tossing something, and the area where Michael

SLIP OPINION

claimed to have thrown the gun down was a considerable distance from where the gun was found. Nor do we agree with McNeely's assertion that the officers' statements on the video indicated that they were not confident that McNeely had possessed the gun. Burroughs stated more than once on the video that he had seen McNeely throw something, that he had found the gun on the ground in that area, and that the condition of the gun indicated that it had been thrown on the ground. Viewing the evidence in the light most favorable to the State, we hold that substantial evidence supports the conviction.

McNeely next argues that a combination of factors resulted in an unfair sentencing hearing. He raises two issues with regard to the amended felony information, which added the notification that he was charged as a habitual offender with four or more felonies. McNeely first notes that he waived his right to a jury trial before the filing of the amended felony information, which increased his exposure from six years' to fifteen years' imprisonment. However, because McNeely never attempted to withdraw his jury-trial waiver or object to the legality of the amended information, any argument regarding the timing of the habitual-offender notification was not preserved. *See Plessy v. State*, 2012 Ark. App. 74, 388 S.W.3d 509. McNeely also claims that the amended felony information was defective because it failed to conclude the habitual-offender statement with the *contra pacem* clause, "against the peace and dignity of the State of Arkansas." We will not address this allegation because, as McNeely concedes, the inclusion of a *contra pacem* clause goes to the sufficiency of the charging instrument and must be raised before trial to be preserved for

SLIP OPINION

appellate review. *McNeese v. State*, 334 Ark. 445, 976 S.W.2d 373 (1998) (citing *Wetherington v. State*, 319 Ark. 37, 889 S.W.2d 34 (1994)).

McNeely also argues that the packet of his prior convictions reviewed by the circuit court erroneously contained conviction records of another defendant that could have prejudiced the circuit court. While the record on appeal does contain a sentencing order for another defendant, it does not appear that this order was ever before the circuit court. The erroneously included sentencing order is marked as "State's Exhibit 1" and was certified by the county clerk to be a true and correct copy on July 19, 2016. McNeely's trial concluded on July 18, 2016, and his sentencing order was entered that same date. Furthermore, the packet of his prior convictions was admitted as "State's Exhibit 4."

Lastly, McNeely contends that the legislature did not intend for general habitual-offender statutes to be coupled with most nonviolent felonies or with "the additional enhancement practice of consecutive sentencing." McNeely fails to provide any convincing argument or authority for this assertion. His sentence is within the statutory range of punishment for a Class D felony committed by a defendant previously convicted of four or more felonies, and the circuit court's decision to run the sentence consecutive to McNeely's other sentence was within the court's discretion.[1]  *See* Ark. Code Ann. §

---

[1]Citing Arkansas Code Annotated section 16-93-607(e)(1), the State contends that the circuit court was required by law to run McNeely's sentence consecutive to the sentence he was serving for his parole revocation. That statute, however, applies only when a defendant has committed a Class Y, A, or B felony. Ark. Code Ann. § 16-93-607(a). McNeely was convicted of Class D felon in possession of a firearm; thus, the statute is inapplicable. *See*

SLIP OPINION

5-4-501(b) (Supp. 2015); Ark. Code Ann. § 5-4-403(b) (Repl. 2013). We affirm McNeely's conviction and sentence.

Affirmed.

GLADWIN and HARRISON, JJ., agree.

*Satterfield Law Firm*, by: *G. Randolph Satterfield*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

---

*Campea v. State*, 87 Ark. App. 225, 189 S.W.3d 459 (2004).