RAYMOND R. ABRAMSON, Judge
On April 26, 2017, the State filed an eight-count information against Calvin Wallace Terry. The charges included seven felonies[1] and one misdemeanor. The circuit court dismissed the misdemeanor charge at the start of Terry's bench trial. Of the seven felonies, Terry was convicted of five. Terry appeals only the judgment of the Pulaski County Circuit Court denying his motion to dismiss the charges of (1) possession of methamphetamine and (2) simultaneous possession of methamphetamine and a firearm. We affirm.
*303 On March 12, 2017, Deputy Martelle McDonald of the Pulaski County Sheriff's Office initiated a late-night traffic stop on the vehicle driven by Terry in North Little Rock because the vehicle's license-plate light was not operational. Terry was the only person in the vehicle. After Deputy McDonald requested Terry's driver's license, Terry drove off, and a police pursuit ensued.
The pursuit reached a speed of 85 miles per hour but decreased to 45 miles per hour in a residential area along Smalley Road. According to Deputy McDonald, he witnessed Terry throw a black object out of a window on the vehicle's passenger side along the south side of Smalley Road during the pursuit. The pursuit ended on Smalley Road when Terry surrendered. The pursuit lasted approximately ten minutes. Terry was subsequently arrested and taken to the Pulaski County Detention Facility after Deputy McDonald had completed an inventory search of the vehicle and waited for assistance.
During the search of Terry's person and vehicle, Deputy McDonald found methamphetamine residue, marijuana, and drug paraphernalia. Additionally, the detention-facility staff discovered a nylon gun holster deeply hidden in Terry's pants. After Terry's processing at the detention-facility, Deputy McDonald returned to the area where he had observed the black object being thrown out of the vehicle's window. There, Deputy McDonald discovered a bag of narcotics, which later tested positive for methamphetamine, and a gun identified as a .45-caliber Glock 30.
Terry waived his right to a jury trial, and his bench trial occurred on September 18, 2017. After the State rested its case, Terry moved to dismiss some of the charges against him, including the two felony charges at issue in this appeal, because he claimed that the State did not show any evidence that he was responsible for throwing the methamphetamine and a firearm out of a window on the passenger side of the vehicle. However, the circuit court denied the motion and found Terry guilty of five felony charges. The circuit court also found that Terry was a habitual offender and sentenced him to a term of fifteen years' imprisonment. The circuit court entered its sentencing order on October 21, 2017, and this timely appeal followed on November 1.
On appeal, Terry argues that the circuit court erred in denying his motion to dismiss the two felony charges at issue-possession of methamphetamine and simultaneous possession of methamphetamine and a firearm-because the State failed to introduce substantial circumstantial evidence that he actually or constructively possessed the contraband.
A motion to dismiss at a bench trial, like a motion for directed verdict at a jury trial, is considered a challenge to the sufficiency of the evidence. Cora v. State , 2009 Ark. App. 431, at 3, 319 S.W.3d 281, 283. This court will affirm a circuit court's denial of the motion if there is substantial evidence, either direct or circumstantial, to support the verdict. Id. Substantial evidence is defined as evidence forceful enough to compel a conclusion one way or the other beyond suspicion and conjecture. Id. The evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict is considered. Id.
Circumstantial evidence may provide the basis for a conviction if it is consistent with the defendant's guilt and inconsistent with any other reasonable explanation of the crime. Block v. State , 2015 Ark. App. 83, at 5, 455 S.W.3d 336, 340. Whether the circumstantial evidence would *304 support any other theory is for the fact-finder to decide. Id.
When possession of contraband is an element of the offense, the State is not required to prove literal physical possession. Id. This court looks to whether the contraband was located in a place that was under the dominion and control of the accused. Id. Constructive possession can be implied when the contraband was found in a place immediately and exclusively accessible to the accused and subject to the accused's control. Id. In other words, constructive possession may be established by circumstantial evidence. Duggar v. State , 2013 Ark. App. 135, at 3, 427 S.W.3d 77, 80.
To prove constructive possession, the State must establish that the defendant exercised "care, control, and management over the contraband." Block , 2015 Ark. App. 83, at 6, 455 S.W.3d at 340. There must be some evidence that the accused had knowledge of the presence of the contraband. Id. The defendant's control over and knowledge of the contraband can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, the ownership of the property where the contraband is found, and the accused's suspicious behavior. Id. Location of the contraband in close proximity to the defendant has been held to be a sufficient linking factor to support a constructive-possession conviction. Id. The Arkansas Supreme Court has also considered the improbability that anyone other than the defendant placed the contraband in the location and the improbable nature of the defendant's explanations. Id.
We now turn to Terry's argument on appeal. Terry contends that the State failed to prove "enough" linking facts that would warrant a reasonable inference that Terry exercised dominion and control over the methamphetamine and the firearm. Terry asserts that the study of nine cases similar to his reveals twelve linking facts that are relevant to controlled-substance or firearm "throw away" cases. The linking facts include the following:
1. the witness's observation of the defendant throwing away the contraband while fleeing from the police;
2. the defendant's proximity to the contraband when the police found it;
3. the defendant's proximity to the contraband before the police found it;
4. the length of time in which the contraband has lain in the public area before the police found it;
5. the possibility that a third party, i.e., someone other than the defendant, could have placed the contraband where the police found it;
6. the discovery of the defendant's fingerprints or other identifying evidence found on the contraband's container;
7. the defendant's possession of large amounts of cash when arrested;
8. the defendant's possession of a firearm when arrested;
9. the defendant's possession of other narcotics when arrested;
10. the defendant's nervousness or suspicious behavior before or when arrested;
11. the defendant's incriminating statements made when or after he was arrested; and
12. the defendant's false or improbable statements made upon arrest.
For support, Terry argues that Deputy McDonald testified that he (Deputy McDonald) could not tell what had been thrown out of the vehicle that was driven by Terry because it was nighttime. Terry *305 also contends that Deputy McDonald was never questioned about the possibility of a third party leaving the contraband in the location where it was found. Terry also attacks Deputy McDonald's testimony because he did not specify a time during which the contraband first appeared on the south side of Smalley Road. And finally, Terry points out that he never made any incriminating statements when he was arrested, that he did not have a large amount of cash on his person when he was arrested, that his fingerprints were not found on the contraband, and that he was not in the area or nearby when Deputy McDonald found the contraband.
If the substantial evidence is entirely circumstantial, then this court will affirm a circuit court's denial of the motion to dismiss whenever the evidence considered supports the verdict. Gamble v. State , 82 Ark. App. 216, 219, 105 S.W.3d 801, 803 (2003). Substantial evidence is forceful and compels a conclusion one way or the other without speculation. Id. The evidence is viewed in the light most favorable to the State, and this court will consider only the evidence that supports the verdict. Block , 2015 Ark. App. 83, at 5, 455 S.W.3d at 340. Importantly, the fact-finder decides whether the circumstantial evidence supports any other possible theory as to what might have occurred. Id.
Although Terry argues that the State relied on, and the circuit court erred in considering, evidence that was not substantial enough to show that Terry constructively possessed the methamphetamine and the firearm, we hold that Terry's constructive possession is supported by substantial circumstantial evidence. At the outset, this court has made clear that "there is no requirement that all or even a majority of the linking factors be present to constitute constructive possession." McCastle v. State , 2012 Ark. App. 162, at 4-5, 392 S.W.3d 369, 372. Deputy McDonald initiated and explained the nature of the traffic stop to Terry, but Terry fled the scene, which led Deputy McDonald to pursue Terry. Eventually, Terry led Deputy McDonald through a residential area on Smalley Road. The vehicles reached a speed of only 45 miles an hour and Deputy McDonald observed no other traffic. Terry finally surrendered on Smalley Road but only after Deputy McDonald had witnessed Terry throw a black object out of a window on the vehicle's passenger side.
Deputy McDonald testified that within fifteen to twenty minutes of taking Terry into custody, he returned to the specific area along the south side of Smalley Road to look for the black object that had been thrown out of the vehicle by Terry. Deputy McDonald further testified that the area was wet and muddy because it had rained all week, but he discovered a bag of narcotics and a firearm that were not wet, that were only slightly dirty, and that were consistent with them having been thrown out of a vehicle and hitting the ground. As the State correctly argues, this court has found that a police officer's observation of an object that is thrown out of a window and that police officer's discovery of contraband in the location where the object was thrown are sufficient to infer a defendant's constructive possession due to the defendant's proximity to the contraband. See McNeely v. State , 2017 Ark. App. 483, at 3-5, 530 S.W.3d 876, 878-79 ; Kimble v. State , 2016 Ark. App. 99, at 2-3, 483 S.W.3d 832, 833.
Although McNeely , supra , and Kimble , supra , did not involve fleeing, these cases are similar to the present case because they involved officers who saw the defendants discard objects in the vicinity where the contraband was found, which was held to be substantial evidence of constructive possession. Therefore, Terry's constructive possession of the methamphetamine and *306 the firearm is supported by substantial circumstantial evidence. Deputy McDonald witnessed Terry, the only person in the vehicle, throw a black object out the window on the vehicle's passenger side in the area where the contraband was discovered. Furthermore, Deputy McDonald stated that the appearance of the contraband was consistent with having been thrown from a vehicle and hitting the ground; but the contraband was neither wet nor extremely dirty, unlike the environment in which the contraband was found. Deputy McDonald's testimony indicated that it was highly likely that Terry threw the contraband into the area where the contraband was located and that the contraband was not in the area for a long period of time.
Deputy McDonald did not observe any other traffic in that area, making it highly likely that the contraband was placed there as a result of Terry's actions. The pursuit slowed to 45 miles an hour in that area, which allowed Deputy McDonald to better observe Terry's actions, and the contraband could not have been in the area long because the items were not extremely wet and dirty even though it had rained for much of the week. Thus, there is substantial evidence to show that Terry constructively possessed the methamphetamine and the firearm.
We now briefly discuss Terry's reliance on Garner v. State , 355 Ark. 82, 89-92, 131 S.W.3d 734, 738-40 (2003), and Hodge v. State , 303 Ark. 375, 797 S.W.2d 432 (1990). Terry argues that Garner and Hodge are similar to his case because they involved fleeing defendants and contraband discovered in public areas that were not entirely within the defendants' control or dominion, making it difficult to find that the defendants constructively possessed control of the contraband. Other factors supporting constructive possession were absent in Garner and Hodge . In both cases, the officers did not see the defendants discard the methamphetamine and drug paraphernalia that were later found; the officers did not find any methamphetamine on the defendants' persons; the officers found the contraband in areas that were distant from the routes of the police pursuits; the defendants' fingerprints were not found on the contraband; and the officers did not find any other evidence to sufficiently support the convictions of possession of methamphetamine with the intent to deliver and possession of drug paraphernalia. Garner , 355 Ark. at 89-90, 131 S.W.3d at 738-40 ; Hodge , 303 Ark. at 377-79, 797 S.W.2d at 434-35.
However, Garner and Hodge are distinguishable from the present case. Terry fled from the police while Deputy McDonald pursued him, witnessed an object being thrown from the window, and observed no other traffic in the area where the contraband was found. The pursuit occurred late at night, and a significant amount of time did not elapse between the time that Deputy McDonald witnessed the object being thrown out of the window and the time that he discovered the contraband. Moreover, additional factors were present. Methamphetamine residue, marijuana, drug paraphernalia, and a gun holster were found either on Terry's person or in the vehicle. The circuit court found Deputy McDonald's testimony credible and properly weighed all the evidence. See Loggins v. State , 2010 Ark. 414, at 4, 372 S.W.3d 785, 789. We hold that Terry's constructive possession of the methamphetamine and the firearm is supported by substantial circumstantial evidence, and we affirm the circuit court's decision.
Affirmed.
Gladwin and Murphy, JJ., agree.

Offense 1 - Class Y felony of simultaneous possession of drugs and firearms, Ark. Code Ann. § 5-74-106(a)(1). (b) (Repl. 2016); Offense 2 - Class B felony of possession of firearms by certain persons, Ark. Code Ann. § 5-73-103(c)(1)(A) (Repl. 2016); Offense 3 - Class B felony of possession of more than ten grams, but less than 200 grams, of methamphetamine, Ark. Code Ann. § 5-64-419(b)(1)(c) (Repl. 2016); Offense 4 - Class D felony of theft by receiving, Ark. Code Ann. § 5-36-106(e)(3)(B)(iii) (Repl. 2013); Offense 5 - Class D felony of possession of drug paraphernalia, Ark. Code Ann. § 5-64-443(a)(2) (Repl. 2016); Offense 6 - Class D felony of fleeing, Ark. Code Ann. § 5-54-125 (Repl. 2016); Offense 7 - Class D felony of possession of drug paraphernalia, Ark. Code Ann. § 5-64-443(c) (Repl. 2016).