N. MARK KLAPPENBACH, Judge
Appellant Ariel McDaniel was tried before a Pulaski County Circuit Court jury on two counts of being a felon in possession of a firearm.[1] The charges arose from a search of appellant's residence that revealed a semiautomatic rifle in a bedroom, a disassembled handgun in the kitchen, and ammunition in the kitchen. She was given consecutive sentences, resulting in an effective ten-year prison term. On appeal, appellant challenges the sufficiency of the evidence to support the jury's determination that she constructively possessed the firearms. We affirm.
The standard of appellate review is well settled. On appeal from the denial of a directed-verdict motion challenging the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, considering only the evidence that supports the verdict, and determine whether the verdict is supported by substantial evidence, which is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture. Turner v. State , 2014 Ark. 415, 443 S.W.3d 535. Although circumstantial evidence may provide the basis to support a conviction, it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. Morgan v. State , 2009 Ark. 257, 308 S.W.3d 147. Whether the evidence excludes every other hypothesis is a decision left to the jury. Id. The jury has the sole authority to evaluate the credibility of evidence and to apportion the weight to be given to the evidence. Starling v. State , 2016 Ark. 20, 480 S.W.3d 158.
The law regarding constructive possession is also well settled. It is not necessary for the State to prove that an accused physically held the contraband, as possession of contraband can be proved by constructive possession, which is the control or right to control the contraband. Tubbs v. State , 370 Ark. 47, 257 S.W.3d 47 (2007). In cases involving joint occupancy of the premises where the contraband is found, some additional factors must be *46 present to link the accused to the contraband. Loggins v. State , 2010 Ark. 414, 372 S.W.3d 785. Those factors include (1) that the accused exercised care, control, or management over the contraband; and (2) that the accused knew the matter possessed was contraband. The control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. Id. In addition, an accused's suspicious behavior coupled with proximity to the contraband is clearly indicative of possession. Pokatilov v. State , 2017 Ark. 264, 526 S.W.3d 849.
The evidence in this case is essentially undisputed, and we review it here in the light most favorable to the State. Appellant stipulated to her status as a convicted felon. She lived in Little Rock and resided in one side (apartment A) of a duplex rental property. Appellant's eighteen-year-old daughter and fifteen-year-old son resided with her; appellant is a single parent. Appellant's name was on the lease, which commenced on September 1, 2016, and she was the person who paid rent.
On March 9, 2017, Little Rock police knocked on her door. The officer heard appellant say hang on for a minute, or something along those lines. Appellant and her son were home; appellant's daughter was not home. The officer could hear "rustling in the back" but no one would answer the door. After about an hour, officers were provided a key by the landlord, and when an officer tried to unlock the door, "it was being held blocked." As officers were going around the house to try the key in the back door, appellant exited the back door. She was arrested.
Officers found an SKS semiautomatic rifle under a dresser in appellant's daughter's bedroom. In the kitchen, officers found a nine-millimeter Glock pistol in the refrigerator/freezer. The Glock's receiver was found in the freezer in a food box. In the refrigerator, there was an aluminum-foil-covered metal baking pan that had barbecued chicken in it; the foil had been pulled back on one corner. Officers looked in the pan and saw the Glock's slide on top of the chicken. Officers found some cartridges and two magazines in the bottom of the kitchen trash can.
Appellant's attorney moved for directed verdicts on the basis that this was a jointly occupied residence and that the State had failed to present sufficient linking factors to connect appellant to the firearms in the apartment. The motion and its renewal were denied. The jury found appellant guilty, and this appeal followed.
Appellant argues on appeal that there was insufficient evidence to support that she constructively possessed the firearms. Appellant argues that she lived in this apartment with her two children making this a joint-occupancy case; one firearm was in her daughter's room; one was in a common area of the house; neither firearm was in plain view; and appellant was not close to the firearms when they were found. Appellant has failed to persuade us that her convictions lack substantial evidence to support them.
We point out that the jury was given an instruction based on Arkansas Model Jury Instruction-Civil 104: "In considering the evidence in this case you are not required to set aside your common knowledge, but you have a right to consider all the evidence in the light of your own observations and experiences in the affairs of life." The jury was presented with sufficient circumstantial evidence here. While not the sole occupant of the apartment, appellant was the single parent who rented *47 this apartment and paid the rent, and she acted suspiciously before the firearms were found. The jury would not have to resort to suspicion and conjecture to conclude that there was a concerted effort to hide the handgun by taking it apart and placing it in odd locations in the refrigerator/freezer. Appellant's daughter was not home, but appellant was, on the day a sizable rifle was found in her daughter's bedroom. As officers were approaching the back door, appellant exited, which the jury could reasonably infer was an attempt to flee. "Arkansas case law is replete with the proposition that the flight of a person charged with the commission of a crime has some evidentiary value on the question of his probable guilt." Eliott v. State , 342 Ark. 237, 241, 27 S.W.3d 432, 435 (2000).
Circumstantial evidence may provide the basis for a conviction if it is consistent with the defendant's guilt and inconsistent with any other reasonable explanation of the crime. Harris v. State , 2014 Ark. App. 448, 439 S.W.3d 715. Whether the circumstantial evidence would support any other theory is for the jury to decide. Ross v. State , 346 Ark. 225, 230, 57 S.W.3d 152, 156 (2001) ; Block v. State , 2015 Ark. App. 83, 455 S.W.3d 336. It is only every other reasonable hypothesis, not every hypothesis, that must be excluded by the circumstantial evidence. McDole v. State , 339 Ark. 391, 6 S.W.3d 74 (1999). Upon review, the appellate court's role is to determine whether the jury resorted to speculation and conjecture in reaching its verdict. Phillips v. State , 344 Ark. 453, 40 S.W.3d 778 (2001). Overwhelming evidence of guilt is not required in cases based on circumstantial evidence; rather, the test is one of substantiality. Edmond v. State , 351 Ark. 495, 95 S.W.3d 789 (2003).
Given our standard of review and the totality of the evidence before this jury, we hold that there is substantial evidence to support the jury's finding of guilt on both counts of felon in possession of a firearm. For this reason, we affirm.
Affirmed.
Virden and Whiteaker, JJ., agree.

Appellant was also charged with ten counts of theft by receiving, but those counts were severed from the firearm charges.