ROBERT J. GLADWIN, Judge *605 Tobey McCarley was convicted in the Miller County Circuit Court of theft by receiving, possession of a controlled substance, possession of drug paraphernalia, and simultaneous possession of a controlled substance and firearms. He appeals only his conviction for simultaneous possession of illegal drugs and guns, arguing that insufficient evidence supports the verdict. We agree and reverse.
I. Facts
McCarley was charged by criminal information with possession of firearms by certain persons, theft by receiving, possession of a controlled substance (less than two grams of methamphetamine/cocaine), simultaneous possession of drugs and firearms, and possession of drug paraphernalia. He was also charged with being a habitual offender on each count. The criminal information was amended to reflect that the theft-by-receiving charge was based on stolen property worth between $ 1000 and $ 5000.
Hardemon said they had believed someone was in the trailer because they could smell marijuana smoke near the back of the trailer and could hear footsteps from inside. When the warrant was obtained, police breached the door and found one man under a bed. Police identified him as Brian Mudd, and they also found a pistol and a rifle under the bed next to Mr. Mudd. Police later realized that they had missed seeing someone hiding under the couch in the living room. McCarley was found under the couch, along with a small bag of methamphetamine. On the coffee table were marijuana pipes and a marijuana joint. Hardemon said that police then stopped their search to obtain a warrant for narcotics. That warrant was obtained at about 5:00 p.m. Police then found syringes on a couch adjacent to the couch McCarley had been hiding under, another bag of methamphetamine under a television in the living room, a bag full of ammunition, a spoon with residue, and marijuana pipes. Police also realized that the television in the living room was playing a live feed from a mounted camera facing the *606 roadway. Through a prosecutor's subpoena, police obtained a lease agreement for the trailer showing McCarley as the lessee, and McCarley's driver's license reflects the trailer's address.
At the close of the State's evidence, McCarley moved for a directed verdict based on insufficient evidence. Counsel argued in part,
The directed-verdict motion was denied. McCarley told the court that he did not wish to testify. After closing arguments were made and the jury had retired to deliberate, McCarley's counsel renewed the directed-verdict motion, and the court denied it.
The jury returned a guilty verdict, and McCarley was sentenced to imprisonment terms of ten years for theft by receiving; twelve years for possession of a controlled substance; ten years for simultaneous possession of drugs and firearms; and five years for possession of drug paraphernalia. These sentences were ordered to run consecutively for a total term of thirty-seven years. This appeal timely followed.
II. Standard of Review
We have recently utilized the applicable standard of review and law as follows:
On appeal from the denial of a directed-verdict motion challenging the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, considering only the evidence that supports the verdict, and determine whether the verdict is supported by substantial evidence, which is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture. Turner v. State , 2014 Ark. 415, 443 S.W.3d 535. Although circumstantial evidence may provide the basis to support a conviction, it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. Morgan v. State , 2009 Ark. 257, 308 S.W.3d 147. Whether the evidence excludes every other hypothesis is a decision left to the jury. Id. The jury has the sole authority to evaluate the credibility of evidence and to apportion the weight to be given to the evidence. Starling v. State , 2016 Ark. 20, 480 S.W.3d 158.
The law regarding constructive possession is also well settled. It is not necessary for the State to prove that an accused physically held the contraband, as possession of contraband can be proved by constructive possession, which is the control or right to control the contraband. Tubbs v. State , 370 Ark. 47, 257 S.W.3d 47 (2007). In cases involving joint occupancy of the premises where the contraband is found, some additional factors must be present to link the accused to the contraband. Loggins v. State , 2010 Ark. 414, 372 S.W.3d 785. Those factors include (1) that the accused exercised care, control, or management over the contraband; and (2) that the accused knew the matter possessed was contraband. The control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that *607 it is in plain view, and the ownership of the property where the contraband is found. Id. In addition, an accused's suspicious behavior coupled with proximity to the contraband is clearly indicative of possession. Pokatilov v. State , 2017 Ark. 264, 526 S.W.3d 849.
McDaniel v. State , 2019 Ark. App. 66, at 1-3, 571 S.W.3d 43, 45-46.
III. Link Between Firearms and Controlled Substances
To prove simultaneous possession of firearms and a controlled substance, the State must prove that McCarley possessed both a controlled substance and a firearm and that there was a connection between the firearm and the controlled substance. Ark. Code Ann. § 5-74-106 (Repl. 2016); Kourakis v. State , 2015 Ark. App. 612, 474 S.W.3d 536. McCarley argues that insufficient evidence supports the jury's finding of guilt on this charge because the State failed to prove that (1) he possessed the firearms and (2) there was a connection between the drugs and the guns. We do not address McCarley's argument regarding the link between the guns and the drugs because he failed to preserve this argument by omitting it from his motion for directed verdict. Parties are bound by the scope of their directed-verdict motions and cannot change their grounds on appeal. See Warren v. State , 2019 Ark. App. 33, 567 S.W.3d 105 ; Harjo v. State , 2017 Ark. App. 337, 522 S.W.3d 839 ; Stover v. State , 2014 Ark. App. 393, 437 S.W.3d 695 ; Arroyo v. State , 2011 Ark. App. 523.
IV. Possession of Firearms
The State contends that substantial evidence establishes that McCarley constructively possessed the guns in the bedroom. McCarley is the lessee on the lease agreement for the home, and McCarley's driver's license lists the home's address. The truck in the front yard is registered to McCarley, and a work-uniform shirt with McCarley's name on it was found in the trailer. The firearms were found under a bed, approximately forty to fifty feet from where McCarley was hiding at the time of his arrest. The State argues that, taken together, these facts constitute substantial evidence from which the jury could reasonably conclude that McCarley constructively possessed the guns found in the home.
We disagree. This court has repeatedly stated,
To convict one of possessing contraband, the State must show that the defendant exercised control or dominion over it. Stanton v. State , 344 Ark. 589, 42 S.W.3d 474 (2001). Neither exclusive nor actual physical possession, however, is necessary to sustain a charge of possessing *608 contraband; rather, constructive possession is sufficient. Id. Constructive possession may be implied when the contraband is in the joint control of the accused and another; however, joint occupancy alone is insufficient to establish possession or joint possession. Id. The State must establish in a prosecution for possessing contraband (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband. Id.
Abshure v. State , 79 Ark. App. 317, 321-22, 87 S.W.3d 822, 826 (2002). The control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. McDaniel , supra.
The State failed to prove that McCarley had possession of the firearms located in the back bedroom with Mr. Mudd. McCarley was found in the living room, and the firearms were found in the bedroom, under the bed, within arm's reach of Mr. Mudd. There is no additional factor present that allows an inference that he had control or knowledge of the firearms. The guns were found under the bed with Mr. Mudd, not in a common area of the home; thus, they were not found in McCarley's proximity nor in plain view. There was no evidence that the bedroom in which the guns were found belonged to McCarley. Accordingly, the State failed to prove that McCarley constructively possessed the firearms because it did not show that the guns were in McCarley's care, control, or management.
Reversed and dismissed.