Cite as 2019 Ark. App. 463

# ARKANSAS COURT OF APPEALS
DIVISION I

**No.** CR–18–1016

|  |  |  |
|---|---|---|
| | | **Opinion Delivered:** October 16, 2019 |
| OMAR D. DAVIS, SR. | | |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION [NO. 60CR–17–1387] |
| V. | | |
| | | HONORABLE LEON JOHNSON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Omar Davis, Sr. appeals his conviction for possession of a firearm by a felon. On appeal, he argues that the circuit court erred by denying his motion to dismiss at the bench trial. Specifically, Davis contends that the evidence was insufficient to prove that he constructively possessed the firearm. We affirm.

On February 15, 2017, the North Little Rock Police Department executed a search warrant at a residence located at 2209 Railroad Street, North Little Rock. In the southwest bedroom of the house, police recovered a loaded twelve-gauge shotgun and a blue bag containing twenty-two twelve-gauge shotgun shells and mail addressed to Davis. Officer Christopher Weaver testified that when he entered the southwest bedroom and initially came into contact with Davis, he was within three feet of the shotgun and the shotgun was in plain view. At the conclusion of the State's case, Davis moved for dismissal on the

grounds that there was insufficient evidence to show that he constructively possessed the shotgun. The circuit court denied the motion. Davis then testified that the shotgun was found in his fiancée's bedroom, he did not live there with her, and he had no knowledge of the shotgun. At the conclusion of the trial, the circuit court found Davis guilty of possession of a firearm by a felon and sentenced him as a habitual offender to six years' incarceration in the Arkansas Department of Correction. He now appeals.

A motion to dismiss at a bench trial is identical to a motion for directed verdict at a jury trial in that it is a challenge to the sufficiency of the evidence.[1] This court will affirm a circuit court's denial of the motion if there is substantial evidence, either direct or circumstantial, to support the verdict.[2] Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture.[3] The evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict is considered.[4]

Arkansas Code Annotated section 5-73-103(a)(1) (Repl. 2016) provides that no person who has been convicted of a felony shall possess or own any firearm. A showing of constructive possession, which is the control or right to control the contraband, is sufficient to prove possession of a firearm.[5] Constructive possession may be implied when the

---

[1]Ark. R. Crim. P. 33.1 (2018); *Warren v. State*, 2019 Ark. App. 33, 567 S.W.3d 105.

[2]*Terry v. State*, 2018 Ark. App. 435, 559 S.W.3d 301.

[3]*White v. State*, 2014 Ark. App. 587, 446 S.W.3d 193.

[4]*Terry*, *supra*.

[5]*McDaniel v. State*, 2019 Ark. App. 66, 571 S.W.3d 43.

contraband is found in a place immediately and exclusively accessible to the accused and subject to his or her control.[6] Some additional factors must be present to link the accused to the contraband in cases involving joint occupancy.[7] Those additional linking factors include (1) that the accused exercised care, control, or management over the contraband; and (2) that the accused knew the matter possessed was contraband.[8] The control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found.[9]

While Davis concedes that he was found in close proximity to the shotgun, he argues that there are no linking factors sufficient to support a finding that he constructively possessed the shotgun. We do not agree. Here, the shotgun was found in the bedroom in plain view, within feet of Davis. Additionally, the bag of shotgun shells that was found within that bedroom contained several pieces of mail addressed to Davis. Viewing the evidence in the light most favorable to the verdict, we hold that there is substantial evidence that Davis constructively possessed the firearm.

Affirmed.

KLAPPENBACH and HIXSON, JJ., agree.

---

[6]*Johnson v. State*, 2014 Ark. App. 567, 444 S.W.3d 880.

[7]*Loggins v. State*, 2010 Ark. 414, 372 S.W.3d 785.

[8]*Id.*

[9]*Id.*

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.