Cite as 2025 Ark. App. 344

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-24-705

| | |
|---|---|
| DEVONTA MARTIN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered June 4, 2025<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION<br>[NO. 60CR-22-3538]<br><br>HONORABLE LEON JOHNSON, JUDGE<br><br>AFFIRMED |

**N. MARK KLAPPENBACH, Chief Judge**

Following a jury trial in the Pulaski County Circuit Court, Devonta Martin was found guilty of being a felon in possession of a firearm and was sentenced to five years' imprisonment. On appeal, he challenges the sufficiency of the evidence supporting his conviction. We affirm.

Martin's parole officer, Demario Moss, testified that a home visit was conducted at Martin's apartment on August 31, 2022. Moss said that home visits were authorized to make sure parolees are abiding by all state and federal laws and special conditions imposed by the parole board. Moss and Martin remained outside the apartment while the search was conducted by the "intensive team." Ashley Sullivan, who was part of the intensive team, testified that she found a .22-caliber rifle inside a closet in the living room. Sullivan said that

the living room was being used as a bedroom; it contained a bed but not a couch. In the closet with the rifle was male clothing. Sullivan said that there was not a bed in the bedroom, and there was nothing to suggest that more than one person lived in the apartment. Moss testified that parolees are required to report who they live with, and Martin had not reported that anyone else lived with him.

Sergeant Jessica Ezelle of the Pulaski County Regional Detention Center testified that she maintains and monitors jail phone calls and that inmates put in their sheriff's office number and PIN to make a call, which is recorded. Three recorded phone calls were played for the jury. Moss identified Martin's voice on each call. On one call, when asked where the rifle was found, Martin stated, "Last thing I know I put it up inside the other closet." On the second call, he tells someone that "they came to the house and they tore my whole house up and they got my rifle that was under my daddy's name. They got my rifle, so I'm here now." On the third call, Martin stated that "if anybody asks, you still in the process of moving out."

Martin moved for a directed verdict, arguing that the State had failed to prove that he had constructive possession of the firearm found in the jointly occupied apartment. The motion was denied, and Martin put on no witnesses.

On appeal from the denial of a directed-verdict motion challenging the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, considering only the evidence that supports the verdict, and determine whether the verdict is supported by substantial evidence. *McDaniel v. State*, 2019 Ark. App. 66, 571 S.W.3d 43. Although

2

circumstantial evidence may provide the basis to support a conviction, it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Id.* Whether the evidence excludes every other hypothesis is a decision left to the jury. *Id.*

Arkansas Code Annotated section 5-73-103(a) (Repl. 2024) provides that no convicted felon shall possess or own a firearm. It is not necessary for the State to prove that an accused physically held the contraband. *McDaniel, supra.* A showing of constructive possession, which is the control or right to control the contraband, is sufficient to prove possession of a firearm. *White v. State*, 2014 Ark. App. 587, 446 S.W.3d 193. Constructive possession can be inferred where the contraband is found in a place immediately and exclusively accessible to the accused and subject to his control. *Id.*

Martin argues that there was insufficient evidence that he was in either actual or constructive possession of the rifle because the male clothing in the apartment was not known to be only his, there was no indication that the rifle was tested for fingerprints, and both his father and his sister had previously resided in the apartment. Martin points to four cases in which convictions were reversed because the State failed to sufficiently link the accused to contraband found in jointly occupied premises. In cases involving joint occupancy of the premises where the contraband is found, some additional factors must be present to link the accused to the contraband. *McDaniel, supra.* Here, however, a joint-occupancy analysis is not implicated. Viewing the evidence in the light most favorable to the verdict, the apartment was occupied only by Martin. Martin reported to his parole officer that he lived at the address alone, and the apartment contained only one bed. In his phone

3

calls from jail, he referred to "my rifle" and stated that he put it in the closet. This evidence shows Martin's right to control the rifle. Accordingly, there is sufficient evidence of constructive possession, and we affirm the conviction.

Affirmed.

GLADWIN and TUCKER, JJ., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Dalton Cook*, Ass't Att'y Gen., for appellee.

4